IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY OF AMERICA, )
)
)
Plaintiff, )
)
v. ) Civil Action No. 15-737
) Judge Nora Barry Fischer
PATRICK M. CONNELLY, Administrator of )
the Estate of Bryan K. Viviani, Deceased, )
)
Defendant. )
)

**MEMORANDUM OPINION**

This is an action for declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 ("Act"). (Docket No. 1 at ¶ 4). Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332. (*Id.* at ¶ 3).[1] Plaintiff, Encompass Insurance Company of America ("Plaintiff"), seeks a declaration that it does not owe a duty to indemnify Patrick M. Connelly, as Administrator of the Estate of Bryan K. Viviani, Deceased ("Defendant") and also that it is not obligated to provide a defense to Defendant in the underlying state court action, bought by Helen Hoey, in the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. GD 13-004894. (*Id.* at pp. 9–10). For the reasons stated below, the Court declines to exercise jurisdiction over this action.

"The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." *Allstate Property and Cas. Inc. co. v. Owens*, Civ. No. 11-4, 2011 WL 94412, *1 (W.D. Pa. Jan. 11, 2011) (quoting *Allstate Ins. Co. v.*

---

[1] Plaintiff alleges that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332." (Docket No. 1 at ¶ 3). However, no federal question is presented by this Complaint; it merely seeks interpretation of an insurance contract, a matter of state law. *See, e.g.*, *Uguccioni v. U.S. Fid. & Guar. Co.*, 597 A.2d 149 (Pa. 1991) (construing homeowner's insurance policy in light of ATV accident).

1

*Seelye*, 198 F.Supp.2d 629, 630-31 (W.D. Pa. 2002)). The Act provides, in relevant part, that a court "*may* declare the rights and the other relations of any interested party." 28 U.S.C. § 2201 (emphasis added).[2] Accordingly, the jurisdiction conferred by the Act is discretionary, and district courts are under no compulsion to exercise it. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995) (holding that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants")). District courts do not, however, have unlimited discretion to "decline jurisdiction over a declaration judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or adequacy of the state proceeding." *Summy*, 234 F.3d at 134 (citing *United States v. Commonwealth of Pa., Dep't of Envtl. Res.*, 923 F.2d 1071, 1076-79 (3d Cir. 1991)). None of these exceptions are present here. Rather, this action is nothing more than "the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters." *Seelye*, 198 F.Supp.2d at 631.

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atl. Mut. Ins. Co. v. Gula*, 84 Fed. App'x 173, 174 (3d Cir. 2003) (citing

---

[2] In pertinent part, the Declaratory Judgment Act provides:

> [i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

*Summy*, 234 F.3d at 134-35). In *Summy*, our Court of Appeals stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy*, 234 F.3d at 136. Indeed,

> [T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

*Id*.

Importantly, the issues of insurance coverage and defense in this case present no federal question, nor do they promote any federal interest. Indeed, this action presents the common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action. *Seelye*, 198 F. Supp. 2d at 631. In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." *Gula*, 84 Fed. App'x at 175 (quoting *State Auto. Mut. Ins. Co. v. Toure*, No. 02-CV-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa., Aug. 7, 2003)).

The Court notes that both the Supreme Court in *Wilton* and our appellate court in *Summy* reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions.[3] *Wilton*, 515 U.S. at 288-89; *Summy*, 234 F.3d at 135. Here, akin to *Wilton* and *Summy*, there is an underlying action in the state court. (Docket No. 1 at ¶7). The relief sought by the Plaintiff here can certainly be obtained in a state court action. Thus, concerns over judicial economy would tend towards this Court refusing to exercise jurisdiction. Furthermore, since state law on the issue of construction of the insurance policy

---

[3] In fact, the Third Circuit has more recently held that a District Court may decline to exercise jurisdiction over a declaratory judgment action even without a contemporaneously pending parallel state court action. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 137 (3d Cir. 2014).

language is well settled, there is even less reason for the parties to litigate their dispute in federal court. *Seelye*, 198 F. Supp. 2d at 631; *see also Uguccioni*, 597 A.2d 149 (construing homeowner's insurance policy in light of ATV accident); *Fed. Kemper Ins. Co. v. Derr*, 563 A.2d 118 (Pa.Super. 1989) (same); *Nationwide Mut. Ins. Co. v. Gardner*, 2006 WL 3931657 (Pa.Com.Pl. 2006) (same).

Finally, while a party's objection to a district court's exercise of jurisdiction in a declaratory judgment is a factor that would support the decision to decline jurisdiction, it is not a necessary one. *Summy*, 234 F.3d at 136. In other words, this Court may decline jurisdiction in a declaratory judgment action *sua sponte*. *Id*.

In conclusion, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well settled. The Court finds and rules that the state court system is more than capable of resolving this dispute in accordance with its own law. Therefore, under the circumstances of this case, and in the exercise of this Court's discretion, the Court will not exercise jurisdiction over this declaratory judgment action.

For the foregoing reasons, Plaintiff's declaratory judgment action is DISMISSED without prejudice to the parties' right to fully litigate this matter in the appropriate state court. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 10, 2015
cc/ecf: All counsel of record.